337 P.2d 431

Dorothy W. OLSON, administratrix of the Estate of Mary J. Westover, Deceased, Plaintiff and Appellant,

v.

Clyde EDMONDS, Ward Holbrook, Edith Garner, Noble Chambers, Cache County Department of Public Welfare and State of Utah Department of Public Welfare, Defendants and Respondents.

No. 8975.

Supreme Court of Utah.

April 3, 1959.

Olson & Calderwood, Logan, for appellant.

Earl S. Spafford, Asst. Atty. Gen., E. R. Callister, Jr., Atty. Gen., for respondents.

HENRIOD, Justice.

Appeal from an adjudication that where a statutory recipient of old age assistance[1] dies leaving real property, and the heirs or his estate do not settle the statutory lien against such property[2] within 90 days after the death, interest at 6%[3] is chargeable against the $1,000 statutory exemption allowable where settlement is had within that period.[4] Affirmed. No costs awarded.

Appellant urges that the exemption statute stating that *"at the time of the settlement of a lien * * * there shall be a cash exemption of $1,000.00 to be deducted from the market value of such property, less any assistance granted,"* does not permit any invasion of the exemption because of the wording which we have italicized.

It is conceded that where the lien is permitted to be paid off by the heirs on a deferred plan extending beyond the 90-day period, 6% is required to be charged on any deferred unpaid balance. The estate's assets are chargeable with such interest. It must be conceded further that the $1,000 exemption is an asset of the estate. Counsel for appellant makes such concession when, in his brief, he advances the theory and expresses the opinion that the amount

1. Title 55-2-5(1) (a), U.C.A.1953, as amended (1957 Pocket Supp.), providing for a pledge by an old age recipient of his interest in any real property to secure repayment of any amounts afforded him by way of old age assistance.

2. Title 55-2-5(1) (c), U.C.A.1953, as amended (1957 Pocket Supplement).
3. Title 55-2-5(3) (b), U.C.A.1953, as amended (1957 Pocket Supplement).
4. Title 55-2-5(2), U.C.A.1953, as amended (1957 Pocket Supplement).

58

of the exemption was meant by the legislature to defray expenses of the last illness and funeral of the recipient.

In this case, the property was not sold for nearly three years after the death, and the $1,000 representing the exemption came into the hands of the welfare people who charged interest admittedly accrued on deferred payments as an offset against such fund. It would seem rather anomalous to say that the amount represented by the exemption, as an asset of the estate, must be set aside as untouchable, useable only to pay creditors having claims for funeral and last illness expenses, while the welfare authority, made a creditor by statute insofar as interest on deferred payments is concerned, would have no recourse to such an asset.

We believe that the phraseology of the statute that gives the exemption *"at the time of the settlement"* reasonably can be interpreted only to apply where settlement is made within, not without, the 90-day grace period, after which interest is chargeable, and we so hold.

CROCKETT, C. J., and WADE and McDONOUGH, JJ., concur.

WORTHEN, J., concurs in result.